THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREL LORNE HARRIS,<br><br>                         Petitioner,<br><br>         v.<br><br>RON HAYNES,<br><br>                         Respondent. | CASE NO. C20-6167-JCC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on Petitioner Darrel Harris's § 2254 habeas corpus petition. (Dkt. No. 1.) The Honorable J. S. Kate Vaughan, United States Magistrate Judge, issued a 59-page Report and Recommendation ("R&R") (Dkt. No. 19) exhaustively reviewing Petitioner's 14 grounds for habeas relief. She advises that the Court deny the petition. (*Id.*) Petitioner objects to the R&R. (Dkt. No. 20.) For the reasons described below, the Court hereby OVERRULES Petitioner's objections, ADOPTS the R&R, and DENIES with prejudice the petition for writ of habeas corpus.

**I.      BACKGROUND**

Petitioner seeks relief under 28 U.S.C. § 2254 from a 2015 Pierce County Superior Court judgment and sentence. (*See* Dkt. No. 1.) He was found guilty by jury trial for indecent liberties, rape of a child, and first degree child molestation. (Dkt. No. 19 at 2, 6.) The R&R lays out the relevant facts of that case, as well as the state court remedies to which Petitioner availed himself

before filing his federal habeas petition. (*See* Dkt. No. 19 at 2–7.) The Court will not repeat them here.

## II. DISCUSSION

### A. Legal Standard

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all, since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). This Court's consideration of such "objections" would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act. *Id.* Accordingly, *de novo* review is not required when a party fails to direct the court to a specific error in the report and recommendation. *Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).

### B. Proper Exhaustion of Prosecutorial Misconduct Claims

Grounds 4–8 of the petition concern claims of prosecutorial misconduct. (Dkt. No. 19 at 8–9.) Judge Vaughan correctly concludes that Petitioner failed to properly exhaust these grounds, and that the claims are now technically exhausted and procedurally barred. (Dkt. No. 19 at 11.) Specifically, she concludes that Petitioner failed to present Grounds 4–8 as federal constitutional violations.[1] (*Id.*)

---

[1] Judge Vaughan also concludes, with respect to claims 4, 5, 7, and 8, that Petitioner failed to present the same bases for these claims in the Washington Supreme Court. (Dkt. No. 19 at 11.) As the court agrees that Petitioner has failed to satisfy the "fair presentation" requirement

ORDER
C20-6167
PAGE - 2

The "fair presentation" requirement for exhaustion purposes cannot be satisfied unless it is "clear from the petition filed at each level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition." *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005). "For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues." *Casey v. Moore*, 386 F.3d 896, 912 n.13 (9th Cir. 2004).

Petitioner claims he preserved a federal issue because he cited to cases that relied upon federal authorities in his state court petitions. (Dkt. No. 20 at 13.) He asserts "[w]hile perhaps less than ideal, these authorities are sufficient to preserve the issue." (*Id.*) But Judge Vaughan did not overlook Petitioner's use of these cases. Instead, she disagrees that they are sufficient, pointing out that he only cited to state law cases *without* "clearly indicat[ing] that the state cases cited involve federal issues." (Dkt. No. 19 at 13.) Petitioner does not claim that he did so indicate.

Accordingly, Petitioner's objections regarding Grounds 4–8 are OVERRULED.

### C. Ineffective Assistance of Counsel Claims

Petitioner's grounds 9–14 seek habeas relief based on ineffective assistance of counsel. (Dkt. No. 19 at 9.) Judge Vaughan concludes that each of these claims fails under a *Strickland* analysis. (*See* Dkt. No. 19 at 43, 49, 56 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).) Further, Judge Vaughan notes that "even if there were some question as to whether defense counsel's performance was deficient under *Strickland*, the Court cannot conclude that the state court's determination[s were themselves] an unreasonable application of *Strickland*." (Dkt. Nos. 19 at 43, 49, 56.)

---

for exhaustion purposes, *see infra*, it declines to analyze Petitioner's objection to the second means by which some of these grounds were not properly exhausted.

Petitioner begins his objection to the R&R's conclusions on grounds 10–14 by stating "[t]he argument is set forth in prior briefing," but that he "would emphasize, however, the need for an evidentiary hearing." (Dkt. No. 20 at 13.) Indeed, Petitioner also argued the need for an evidentiary hearing in his habeas briefing, (*see* Dkt. No. 15 at 22–23), and Judge Vaughan addressed it in her R&R. (Dkt. No. 19 at 57–58). Petitioner's purported objection merely summarizes arguments previously presented. Accordingly, *de novo* review is not warranted and Petitioner's objection regarding Grounds 10–14 is OVERRULED. *See Strawbridge*, 243 F.Supp.2d at 475.

Petitioner's objection regarding ground 9—that failing to object to the prosecutor's remarks constituted ineffective assistance of counsel—similarly notes "[t]he argument is set forth sufficiently [in Petitioner's] response to the State's answer." (Dkt. No. 20 at 13.) His sole new argument is that Judge Vaughn incorrectly applied the facts of the case by relying upon cases where "not objecting was ineffective because the objection was meritless or because it might appear desperate or hyper-technical to the jury." (*Id.* (citing Dkt. No. 19 at 35).)

Petitioner relies on *State v. Thierry*, 360 P.3d 940 (2015), arguing the state court "has already determined the type of misconduct here was prejudicial" and thus there "was no strategic value in staying quiet." (*Id.*) But *Thierry* discusses prosecutorial misconduct where the efficacy of a curative instruction was not at issue because defense counsel *did* timely object, not ineffective assistance of counsel for failure to object. 360 P.3d at 947. Petitioner acknowledges that in his underlying state court case, the appellate court held "the prosecutor engaged in misconduct but found that a timely objection would have been curative. As to the related ineffective assistance of counsel claim, the court of appeals speculated that defense counsel may have had reasons for not objecting." (Dkt. No. 20 at 12 (discussing Dkt No. 7-1 at Ex. 2).) This clearly differs from Petitioner's conclusion that there could be "no strategic value in staying quiet" in the context of an ineffective assistance of counsel claim. (Dkt. No. 20 at 13.) Judge Vaughan considered this state court determination in her R&R. (Dkt. No. 19 at 41–43.) As she

correctly reasons, the Court cannot conclude this determination was an unreasonable application of *Strickland*. Petitioner's objection regarding Ground 9 is OVERRULED.

### D.  Remaining Sixth Amendment Claims

Petitioner's remaining objections concern grounds 1–3. (Dkt. No. 20 at 2.)

    1.  <u>Ground 1 and 2</u>

In grounds 1 and 2, Petitioner argues that the trial court violated his Sixth Amendment rights by excluding (1) video evidence of his interactions with one of the victims, and (2) testimony from his investigator regarding the layout of Petitioner's home. (*See* Dkt. No. 1 at 23–28.)

The video evidence in question was home security footage showing one of the victims, K.M., interacting with Petitioner the morning of the assault. (Dkt. No. 20 at 6–7.) Petitioner alleges in the video that K.M. signals to him to walk back from the car so that she can give him a hug. (*Id.* at 7.) But K.M. testified at trial that she was so scared she gave Petitioner a hug so he wouldn't know anything was wrong but could not recall when asked whether she had called him back before giving him the hug. (Dkt. No. 20 at 7.) Petitioner objects to Judge Vaughan's conclusion that ground 1 lacks merit. He argues Judge Vaughan mistakenly relied on case law addressing whether evidence excluded under Evidence Rule 403 gives rise to a federal challenge because here, the trial court concluded the evidence was not relevant under Evidence Rule 401. (Dkt. No. 20 at 8.) But this ignores the state appellate court's analysis. Reviewing the trial court's decision for abuse of discretion, the court reasoned that the footage was cumulative of both Petitioner and K.M.'s testimony, meaning it was well within the trial court's discretion to exclude it. (Dkt. No. 19 at 23 (citing Dkt. No. 7-1 at Ex. 2).)

Thus, Judge Vaughan correctly noted that "Petitioner fails to demonstrate *the state appellate courts' rejection of the claim* that Petitioner's right to present a defense was violated by the state evidentiary ruling excluding the video was contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts." (*Id.* at 24

1 (emphasis added).)

2       Similarly, the trial court and appellate court in the underlying state action found the
3 investigator's testimony cumulative of Petitioner's testimony and the photos he took of the
4 layout of the room. (Dkt. No. 19 at 23 (citing Dkt. No 7-1 at Ex. 2).) Petitioner takes issue with
5 Judge Vaughan questioning why the jury would be more likely to believe the investigator over
6 Petitioner. (Dkt. No. 20 at 10.) This was not Judge Vaughan's reasoning. Judge Vaughan found
7 that again, Petitioner had failed to demonstrate the state appellate courts' rejection of his claim
8 was contrary to or an unreasonable application of clearly established federal law or an
9 unreasonable determination of the facts. (Dkt. No. 19 at 28.) This purported objection fails to
10 raise any issues specific to the R&R, rendering it no objection at all. *See Strawbridge*, 243
11 F.Supp.2d at 475.

12       Accordingly, Petitioner's objections regarding grounds 1 and 2 are OVERRULED.

13       2.   Ground 3

14       Ground 3 concerns the trial court's order that Petitioner refrain from displaying emotion
15 in the courtroom after his behavior became disruptive. (Dkt. 20 at 11.) Petitioner merely objects,
16 without citation to any authority, that the court isn't allowed to do that and that it should be
17 considered a *per se* violation of his rights. Again, this is not enough to trigger *de novo* review.
18 *See Strawbridge*, 243 F.Supp.2d at 475. Petitioner's objection regarding ground 3 is
19 OVERRULED.

20     **E.  Certificate of Appealability**

21       A petitioner may appeal dismissal of his federal habeas petition only after obtaining a
22 certificate of appealability ("COA") from a district or circuit judge, which may issue only upon a
23 "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner
24 satisfies this standard "by demonstrating that jurists of reason could disagree with the district
25 court's resolution of his constitutional claims or that jurists could conclude issues presented are
26 adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). This Court agrees with Judge Vaughan's recommendation to deny the issuance of a COA. Petitioner has not demonstrated that reasonable jurists could conclude the issues presented deserve encouragement to proceed further.

For the foregoing reasons, Petitioner's objection (Dkt. No. 20) is OVERRULED. The Court thus ADOPTS the R&R (Dkt. No. 19) and DISMISSES with prejudice Petitioner's petition for writ of habeas corpus (Dkt. No. 1.) A COA is DENIED.

DATED this 9th day of December 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE